# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ruben C.,**
**Petitioner Below, Petitioner**

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-1111** (Berkeley County 15-C-236)

**David Ballard, Warden,**
**Mt. Olive Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ruben C., by counsel Sherman L. Lambert, Sr., appeals the Circuit Court of Berkeley County's October 27, 2015, order denying his petition for writ of habeas corpus.[1] Respondent David Ballard, Warden, by counsel Cheryl K. Saville, filed a response. On appeal, petitioner argues that the circuit court erred in denying his habeas petition because his trial counsel was constitutionally ineffective.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2012, petitioner was indicted on one count each of first-degree sexual assault, domestic battery, and violation of a domestic violence protective order. At trial, the State established that petitioner and the victim, M.C.-1, had been married for seventeen years and had two children (C.C., then age 16, and M.C.-2, then age 12).[2] According to the evidence at trial, on or about December 14, 2011, the victim obtained a domestic violence protective order against the petitioner following an incident that occurred on December 7, 2011. The victim testified that, on December 7, 2011, she was riding with petitioner in a car when she told him she wanted a divorce. She testified that he became very upset, drove her to an unknown location, hit her in the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Because the victim and one of the children share the same initials, we refer to them respectively as M.C.-1 and M.C.-2 where necessary in this memorandum decision.

1

chest three times, and destroyed her glasses. After that incident, petitioner moved out of the home, but he returned several times. Each time he returned, either the victim or the children told him to leave. On one occasion when the petitioner returned to the home, C.C. showed him the protective order obtained by the victim and told him he was not permitted to be there.

The State established that on January 30, 2012, petitioner was waiting for the victim when she returned home. As she entered the home, petitioner took the bags of food she was carrying and threw them on the floor. Petitioner then hit her in the face twice and pushed her onto the sofa while telling her that he was tired of her and that she was humiliating him. He forced her into the bedroom and onto the bed where he drew a knife and cord and told her numerous times that, if she did not reconcile with him, he would kill her. Ultimately, the victim promised petitioner that they would reconcile. Petitioner then forcibly removed the victim's clothes and had vaginal intercourse with her while the knife and cord were on the bedside table. He then told her to get cleaned up because the children would soon be returning home from school. The victim testified that she let her hair down so that the children could not see that she had been beaten up and that she had been crying. He followed her into the kitchen and asked her to remove the protective order, but she did not respond.

Later that day, the children returned from school. When C.C. arrived home, he was surprised to see petitioner there because he had previously moved out. C.C. also noticed that the victim had been crying. C.C. asked petitioner what he did to her and petitioner replied that they had only been talking. Both the victim and C.C. testified that while petitioner was watching television with M.C. in the living room, the victim slipped into C.C.'s bedroom and asked him to quietly call the police. The police arrived approximately ten minutes later and arrested petitioner. The victim gave a statement to police, which was both translated into English and written on her behalf by C.C. The victim found the knife and cord, which petitioner had hidden, and gave them to police. Although C.C. testified that he had never seen the knife or the cord before, the family's landlord testified that he had given the knife to petitioner and that petitioner had used it to butcher animals outside the family's home. Some of the victim's injuries were photographed immediately following the incident.

In addition to evidence of the events described above, the jury heard from several witnesses who testified that the victim had bruising and red marks on her face and neck after the incident, as well as a bloodied lip. The photographs of the victim's injuries were also published to the jury and admitted into evidence. At the conclusion of the trial, the jury found petitioner guilty on all three counts. His post-trial renewed motion for judgment of acquittal and motion for a new trial were denied. By order entered February 20, 2013, petitioner was sentenced to not less than fifteen nor more than thirty-five years of incarceration for the first-degree sexual assault conviction; twelve months and a $250.00 fine for the domestic battery conviction; and time served from the end of the sentence for his domestic battery conviction to February 20, 2013, plus a $500.00 fine, for the violation of a domestic violence protective order conviction. An amended sentencing order was entered April 5, 2013.

In April of 2013, petitioner appealed his conviction and sentence to this Court. In May of 2014, this Court affirmed petitioner's conviction and sentence by memorandum decision.

2

In April of 2015, petitioner, by counsel, filed a petition for writ of habeas corpus ad subjiciendum in the circuit court. In that petition, petitioner argued that his trial counsel was constitutionally ineffective for (1) failing to move to exclude or object to photographs of the victim's injuries; (2) failing to note in the opening statement and closing argument that the victim's injuries could have been self-inflicted; and (3) failing to properly question the victim and officers as to whether the victim's injuries were self-inflicted.

Respondent filed a response and an accompanying motion to dismiss. In response, respondent argued that petitioner's trial counsel was not constitutionally ineffective. Respondent claimed that petitioner's habeas petition failed to cite any justifiable reason for his trial counsel to move to exclude or object to the photographs; that his trial counsel effectively cross-examined the State's witnesses; and that his trial counsel effectively stated his defense (that the victim fabricated her story) in both his opening statement and his closing argument. Respondent acknowledged that trial counsel only mentioned the victim's injuries in passing in his closing argument, likely due to time constraints, but that trial counsel did discuss those injuries.

On October 27, 2015, the circuit court entered an order denying the petition for post-conviction habeas corpus relief. In its lengthy order, the circuit court found that there was no justifiable reason for petitioner's trial counsel to move to exclude or object to the photographs of the victim's injuries as they were clearly relevant evidence. The circuit court further found that petitioner's counsel sufficiently argued throughout the trial, including during his opening statement and closing argument, that the victim fabricated her story, which was the defense's primary theory. The circuit court noted that during his closing argument petitioner's trial counsel clearly argued, albeit briefly due to time constraints, that it was possible that the victim self-inflicted her injuries by going "back and smack[ing] herself . . . and scratch[ing] herself[.]" Finally, the circuit court concluded that petitioner's trial counsel (1) effectively cross-examined the officers on the victim's injuries and (2) made a strategic decision not to ask the victim whether her injuries were self-inflicted because her answer would likely not have advanced the defense's theory. For those reasons, the circuit court found that petitioner's grounds for relief were without merit. This appeal followed.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner alleges that the circuit court erred in denying his habeas petition because his trial counsel was constitutionally ineffective for (1) failing to move to exclude or object to photographs reportedly showing the victim's injuries; (2) failing to note in the opening

3

statement and closing argument that the victim's injuries could have been self-inflicted; and (3) failing to properly question the victim and officers as to whether the victim's injuries were self-inflicted. Respondent maintains that petitioner's trial counsel provided the effective assistance of counsel required by the United States Constitution.

In syllabus point five of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), this Court adopted the following two-pronged test established by the United States Supreme Court to review claims of ineffective assistance of counsel:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

This Court has also held that

> [i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Miller*, 194 W.Va. at 6, 459 S.E.2d at 117, syl. pt. 6.

Having reviewed the record on appeal, the parties' argument, and all pertinent legal authority, we find no abuse of discretion in the circuit court's findings related to petitioner's trial counsel. We agree with the circuit court that petitioner's habeas petition failed to assert any sufficient basis for his trial counsel to move to exclude or to object to the admission of clearly relevant photographs of the victim's injuries. Further, we find that the circuit court committed no abuse of discretion in finding that petitioner's trial counsel sufficiently argued the defense's theories and properly questioned the State's witnesses about the victim's injuries. As noted by the circuit court, petitioner's trial counsel discussed, during his opening statement and closing argument, the possibility that the victim's injuries were self-inflicted—a theory the jury apparently did not support. The manner by which an attorney questions a witness involves matters of strategy, a point exemplified by the circumstances of this case. We find no error in the circuit court's conclusion that petitioner's trial counsel was not ineffective in his cross-examination of the State's witnesses.

For those reasons, we find no error in the circuit court's October 27, 2015, order denying petitioner post-conviction habeas corpus relief, and we hereby affirm the same.

Affirmed.

4

**ISSUED:**  November 14, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II